STATE OF WEST VIRGINIA *ex rel.*

JUSTICE DARRELL V. MCGRAW, JR.

*v.*

WEST VIRGINIA JUDICIAL REVIEW BOARD,

HON. RUSSELL C. DUNBAR, HON. C. R. NUTTER,

HON. JERRY W. COOK, JAMES O. PORTER,

*and* WILLIS O. SHAY

(No. 14749)

Decided March 25, 1980.

*McCamic & McCamic and Jeremy C. McCamic* for relator.

*Fowler, Paterno & Lane and Charlotte R. Lane* for respondents.

NEELY, CHIEF JUSTICE:

Petitioner, Justice Darrell V. McGraw, Jr., comes before our Court seeking a writ of prohibition to prohibit respondents, the West Virginia Judicial Review Board, from enforcing that part of their order of 30 November 1979, which protects the Chairman of the Judicial Inquiry Commission, Hulett C. Smith, from being deposed by the petitioner. On 26 June 1978, Senator Walter Rollins filed a complaint against petitioner charging him with three violations of the *Judicial Code of Ethics*. Nearly one year later, on 15 April 1979, the Commission filed a complaint before the Judicial Review Board. The complaint reduced the charges to one violation, namely, public comment about a pending or impending proceeding in any court, which is prohibited by Canon 3 A(6) of the *Judicial Code of Ethics* governing the West Virginia Judiciary.

Petitioner filed responsive pleadings and served notice of depositions on Walter Rollins, Ann Lytle, W. T. Brotherton, and Chairman Smith. On 21 November 1979, all appeared and were deposed, except Chairman Smith who was out of the State. Counsel agreed that subject to Chairman Smith's approval, he would be deposed after the pre-trial conference on 30 November 1979. The file produced by Chairman Smith's secretary, Ann Lytle contained a letter dated April 9, 1979, addressed to "Lefty" (Senator Rollins) from Chairman Smith which discussed the Commission's progress on the complaint. Just before the pre-trial conference, counsel for Chairman Smith filed a motion for a protective order, arguing that any matter relating to the complaint was privileged information not within the provisions governing discovery under the West Virginia Rules of Civil Procedure. At the pre-trial conference the Judicial Review Board granted the motion. We conclude that the protective order as drawn was unnecessarily broad; consequently, the writ of prohibition prayed for is granted.

Initially, we must decide whether a writ of prohibition is the appropriate remedy in this case. As we recently stated in *Hinkle v. Black*, ____ W.Va. ____, ____ S.E.2d. ____ (1979), the applicability of this remedy depends upon the adequacy of another remedy such as appeal and the economy of effort among litigants, lawyers, and courts. Since the rules governing the Judicial Inquiry Commission have been recently established, we feel particularly compelled to correct substantial, clearcut , legal errors arising in the operation of a new system for reviewing complaints against judges. Furthermore, since the discovery process is relevant to the truth finding function of the inquiry, it is appropriate in a rare proceeding such as this to correct errors before trial.

The Rules of Procedure for the handling of complaints by the Judicial Review Board against judges clearly state that "[e]xcept where otherwise provided for by these rules, the provisions of the West Virginia Rules of Civil Procedure and the rules of evidence used in civil cases in West Virginia shall govern proceedings before

the Board." Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, *W.Va. Code*, Vol. 1, Appendix, Rule II (B) (11) [1976]. Under Rule 26(c), *W.Va. R.C.P.*, a protective order may be sought which totally prevents discovery, or provides limitations upon the method, the manner, and the scope of the discovery. Certainly the Judicial Review Board can narrow the scope of the deposition to protect against undue harassment but we cannot say that any member of the Commission is totally protected from investigation as a matter of absolute privilege.

Respondents contend that the information discussed by the Commission is privileged; however, the only provision which contains any special privilege simply prohibits the use of papers filed with the Commission in an action for defamation. Respondents also argue that the proceedings of the Commission are analogous to grand jury proceedings which are strictly confidential. Ostensibly, the Commission is comparable to a grand jury because both examine accusations to determine if there is probable cause; however, a disciplinary proceeding is not a criminal proceeding and the subject of the inquiry is not provided with the safeguards attendant upon a criminal prosecution.

Petitioner asserts that the Commission has the characteristics of a complainant and, therefore, should be treated as a party to the action. This characterization overstates the nature of the Commission's role since it was designed to be a disinterested body composed of: three circuit judges appointed by the West Virginia Judicial Association; two persons who are not lawyers, appointed by the Supreme Court of Appeals; and two lawyers who are active members of the West Virginia State Bar, appointed by the Board of Governors of the West Virginia State Bar. The purpose of such a diverse body is to make the likelihood of collusion remote, but the possibility remains that the Commission could be used for political or personal embarrassment. In order to protect against vindictive or ill-founded suits the judge must have the means to protect himself and the safe-

guards are provided in the Rules of Civil Procedure. A protective order may be given, but it must set forth the areas that are open to legitimate inquiry and the areas that are to be protected from inquiry.

In this particular instance, the petitioner has questions regarding: (1) the length of time between receipt of the complainant's letter and filing of the Commission's formal complaint; (2) the facts surrounding the decision to drop two of the original three charges; and, (3) the manner of informing complainants about the progress of the inquiry. We do not pass on the legitimacy of any of these areas of inquiry; however, we do hold that a broad protective order which forbids the taking of the Chairman's deposition on the grounds of blanket privilege is improper. Each area of inquiry should be scrutinized, as contemplated in Rule 26(c), *W.Va. R.C.P.*,[1] and a narrowly drawn protective order, if appropriate, entered.

---

[1] Rule 26(c), *W.Va. R.C.P.* provides that:

(c) *Protective orders*—Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the circuit court of the county where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

For the foregoing reasons, the writ of prohibition is granted to prohibit further proceedings until such time as the Board complies with the requirements set forth above.

*Writ as moulded awarded.*