STATE *ex rel.* JUSTICE DARRELL V. McGRAW, JR.

*v.*

W. VA. JUDICIAL REVIEW BOARD, *et al.*

(No. 14749)

Decided October 14, 1980.

*McCamic & McCamic and Jeremy C. McCamic* for relator.

*Fowler & Paterno and John R. Fowler* for respondents.

NEELY, CHIEF JUSTICE:

This is an original action in prohibition to determine the proper discovery procedure to be used before the Judicial Review Board. The petitioner, Justice Darrell V. McGraw, Jr. seeks to prohibit the Judicial Review Board from proceeding further against him because the Board has not required members of the Judicial Inquiry Commission to respond to his questions during discovery.

On 25 March 1980 this Court issued an opinion in this same matter. In that proceeding, Justice Darrell V. McGraw, Jr. sought to prohibit the West Virginia Judicial Review Board from enforcing its order protecting the Chairman of the Inquiry Commission from being deposed by him. We held that a broad protective order by the Review Board which forbids the taking of the Inquiry Commission Chairman's deposition on the grounds of blanket privilege is improper. *State ex rel. McGraw v. Judicial Review Board*, ___ W.Va. ___, 264 S.E.2d 168 (1980).

Syllabus Point 2 states:

> Proceedings of the West Virginia Judicial Review Board are governed by the West Virginia Rules of Civil Procedure; consequently, the Board must permit appropriate discovery of Judicial Inquiry Commission members upon proper motion by a party subject to investigation by the Judicial Review Board.

Pursuant to this opinion, petitioner served a Notice of Depositions upon members of the Inquiry Commission. At the time of the depositions, counsel for the Inquiry Commission members instructed each of them not to answer questions of petitioner's counsel which attempted to elicit information from the members about the circumstances surrounding the filing of the complaint against petitioner. Petitioner's counsel then came to this Court requesting a rule to show cause why respondents

should not be prohibited from proceeding further in this matter for failure to comply with our earlier decision concerning discovery in *State ex rel. McGraw v. Judicial Review Board, supra.*

At the outset it should be made clear that the Judicial Review Board, under the rules promulgated by this Court, acts as a hearing body once a complaint has been filed with it by the Judicial Inquiry Commission. In this situation the Review Board is in the position of a trial court. While we have accorded a party charged by the Judicial Inquiry Commission discovery under the *Rules of Civil Procedure*, it is the obligation of the Judicial Review Board to supervise the extent of discovery in the same manner that a trial court is empowered to do so under the *West Virginia Rules of Civil Procedure*. This function is facilitated by Rule II of the *Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates* which provides that the Senior Circuit Judge on the Review Board shall be Chairman.

In our former case, *McGraw, supra.*, we did accept an original prohibition to settle a matter of first impression, namely the extent of confidentiality of the matters handled by the Judicial Inquiry Commission. In our former case we did not determine the exact nature of the discovery that could be obtained against the Judicial Inquiry Commission by a party who has been charged by it. This was because we had no record of the matters upon which inquiry was sought. We did, however, make it clear that: "[e]ach area of inquiry should be scrutinized, as contemplated in Rule 26(c), *W.Va. R.C.P.*, and a narrowly drawn protective order, if appropriate, entered." [Footnote omitted] 264 S.E.2d at 171.

The Judicial Inquiry Commission made no attempt, after our last order, to use the provisions of Rule 26(c) for a protective order. We are at a loss to understand why no effort in this regard was made. Once the depositions were initiated by the petitioner the Judicial Inquiry Commission members were advised by counsel not to answer certain questions. At that point the petitioner

had a right under Rule 37(a)(2) to move the Judicial Review Board to compel answers.[1] This would have squarely joined the issues and resulted in an appropriate order from the Judicial Review Board. If the Board found that answers should have been made, it could have required expenses to be paid to petitioner's counsel under Rule 37(a)(4)[2].

---

[1] Rule 37(a)(2) reads as follows:

(a) *Motion for order compelling discovery.* ——A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

(2) Motion.——If a deponent fails to answer a question propounded or submitted under Rule 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.

If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 26(c).

[2] Rule 37(a)(4) reads as follows:

(a) *Motion for order compelling discovery.* ——A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

(4) Award of Expenses of Motion.——If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in oppos-

Petitioner is not entitled to have us dismiss the complaint under Rule 37(b)[3] because this action can be tak-

ing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

[3] Rule 37(b) reads as follows: (b) *Failure to comply with order.*

(1) Sanctions by Court where Deposition is Taken. ——If a deponent fails to be sworn or to answer a question after being directed to do so by the circuit court of the county in which the deposition is being taken, the failure may be considered a contempt of that court.

(2) Sanctions by Court in Which Action is Pending.——If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31 (a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring him to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable ex-

en only after a party refuses to comply with a lawful discovery order.[4] Here there was no order from the Judicial Review Board requiring the Judicial Inquiry Commission members to answer the challenged questions. Certainly our mandate in the previous case cannot be construed to mean a specific order to answer such questions because no specific questions were ever before us.

It is regrettable that much time has been consumed on this discovery issue, yet it is an important matter of first impression which this Court would eventually have been required to address. We now hold, however, that control over discovery is a function of the Judicial Review Board and this Court will not assume original jurisdiction; improper discovery procedures are a fit subject for an appeal.

*Writ granted as molded.*

---

penses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
[4] A Moore's Federal Practice ¶ 37.03[2], (2d. ed. 1980).