STATE *ex rel.* DETLEV PREISSLER

*v.*

THE HONORABLE PETER DOUGHERTY, *Magistrate, etc.,*

RESPONDENT WEST VIRGINIA JUDICIAL INQUIRY COMMISSION

(No. 14889)

Decided December 19, 1980.

---

*Askin & Burke, Steven M. Askin and John J. Cowan,* for relator.

*Chauncey H. Browning,* Attorney General, *Joseph C. Cometti,* Assistant Attorney General, for respondent.

*Fowler & Paterno, John R. Fowler and John L. MacCorkle,* for intervenor W. Va. Judicial Inquiry Commission.

CAPLAN, JUSTICE:

In this prohibition preceeding the petitioner, Detlev Preissler, seeks to prohibit his trial in magistrate's court on a misdemeanor charge unless certain subpoenaed documents are made available to him and his attorney, or, in the alternative, said documents are made available to the magistrate court for an *in camera* evaluation as to whether or not there appear to be any inconsistencies in the statements of the witnesses who are to testify on behalf of the State.

The petitioner alleges that on March 25, 1979, a warrant was issued charging him with obstructing and opposing a police officer in the lawful exercise and discharge of his official duties; that on May 29, 1980, a trial was scheduled to convene with magistrate Dougherty presiding; that the special prosecutor has furnished him with a list of the subpoened witnesses who would testify on behalf of the State; that due to an inquiry being conducted by the West Virginia Judicial Inquiry Commission involving the incident pertaining to the charge against petitioner, statements from one or more of the State's witnesses were obtained by an investigator for the Inquiry Commission; and, that the petitioner has had a subpoena issued by the magistrate directing the investigator to appear and bring copies of the statements of the named individuals and any other individuals subpoenaed as witnesses for the State.

The petitioner further alleges that his counsel has personally spoken with the investigator for the Inquiry

Commission and was informed that he refused to accept service of the subpoena and that he will not appear at the hearing for the reason that there is a privilege of confidentiality surrounding the statements obtained on behalf of the Commission. The petitioner further alleges that a motion to quash the subpoena has been filed on behalf of the Inquiry Commission and the investigator on the ground that there exists a privilege of confidentiality and that pending a ruling by the magistrate on that motion the investigator does not intend to appear and answer the subpoena. The petitioner contends that he has a right to see these statements following the testimony of the witnesses. See *State v. Dudick*, 158 W.Va. 629, 213 S.E. 2d 458 (1975) and *State v. Sette*, 161 W.Va. 384, 242 S.E. 2d 464 (1978).

The petitioner argues that to require him to stand trial in magistrate court and, if convicted, to thereafter appeal to obtain a trial de novo in the circuit court before he could exercise the above rights would be unfair and would create undue hardship upon him. The petitioner contends that there is no compelling reason to justify the denial of his right of access to the statements. He asserts that there is a reasonable likelihood that his right to a fair trial, due process of law and the fair administration of justice will be materially threatened by a failure to disclose the requested information to him after the testimony of the witness is given.

As heretofore noted, the motion to quash the subpoena requiring the presence of the inquiry commission investigator, together with any written statements obtained from state's witnesses, has not been ruled upon by the magistrate.

This Court cannot and will not tell a lower court how to rule on a motion but it can and will direct a lower court to rule. *State ex rel. Cackowska v. Knapp, Judge*, 147 W.Va. 699, 130 S.E. 2d 204 (1963).

In *State v. Harman*, 165 W.Va. 494, 270 S.E. 2d 146 (1980) this Court discussed matters to be considered pertaining to

a request for a subpoena duces tecum. It said in Point 4, Syllabus:

> A subpoena duces tecum is available against third parties in both civil and criminal cases upon an adequate description of the material sought. Furthermore, it is necessary to show that the material is relevant to an issue in the case and that its proof is not otherwise practicably available.

See also *Ebbert v. Bouchelle*, 123 W.Va. 265, 14 S.E. 2d 614 (1941) and 1 Wright, *Federal Practice and Procedure* (Criminal) § 274 (1969). Was relevancy and/or materiality shown here or was this a fishing expedition? We are unable to say on the present record.

This Court promulgated and adopted Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, effective October 1, 1976. Rule 1(A)3 thereof provides that "all proceedings of the Commission shall be confidential except the filing of a complaint with the Judicial Review Board. The Commission shall prosecute the complaints". W.Va. Code, Vol. 1, p. 449 at p. 450. In *State ex rel. McGraw v. West Virginia Judicial Review Board*, 164 W.Va. 363, 264 S.E. 2d 168 (1980), we were faced with an attack on the confidentiality of some of the proceedings of the commission. A complaint had been filed against Justice McGraw and he sought discovery of the Chairman of the Judicial Inquiry Commission. The chairman sought a protective order from the Review Board claiming that any matter relating to the complaint was privileged information not within the provisions governing discovery under the West Virginia Rules of Civil Procedure. The Judicial Review Board granted the motion and entered a protective order. Justice McGraw sought to prohibit the board from enforcing that part of the order which protected the Chairman of the Commission from being deposed. This Court said in Point 2, Syllabus:

> Proceedings of the West Virginia Judicial Review Board are governed by the West Virginia Rules of Civil Procedure; consequently, the Board must permit appropriate discovery of Judicial Inquiry Commission members upon proper motion by a

party subject to investigation by the Judicial Review Board.

The *McGraw* case is clearly distinguishable from this case. In *McGraw*, we were concerned with discovery of a member of the Commission "by a party subject to investigation". In this case a subpoena is sought to be enforced against an employee of the commission and it is not sought "by a party subject to investigation". Nevertheless, we feel that the *McGraw* case does mitigate against a clear, unequivocal finding of confidentiality in all instances.

In *The People ex rel. the Illinois Judicial Inquiry Board v. Hartel*, 72 Ill. 2d 225, 20 Ill. Dec. 592, 380 N.E. 2d 801 (1978), the Illinois court held that proceedings before the Inquiry Board were confidential, however, that such confidentiality must yield to federal due process requirements where there is a conflict between the two. The judge under investigation by the Inquiry Board, was charged with battery and obstructing a police officer from performing his duties, both misdemeanor offenses. After his arrest, the Inquiry Board began its investigation to determine whether these incidents constituted a basis for the filing of a complaint before the Courts Commission. The Courts Commission hears complaints filed by the Board and determines the discipline, if any, to be imposed. That discipline could include removal of the judge from office.

The investigation by the Board was independent of that by the prosecution or police and the information so obtained was not disclosed to either. The accused judge moved the trial court, presided over by Judge Hartel, to order the files of the Board produced for his inspection, or that they be produced for inspection by the court, *in camera*, and that those portions thereof which contained material exculpatory to him be produced for his inspection. Judge Hartel granted the motion and the Inquiry Commission sought mandamus or prohibition. The Illinois Court awarded mandamus directing Judge Hartel to vacate his earlier order.

The Judicial Inquiry Board of Illinois was created by Article VI, Section 15(b) of the Illinois Constitution. Section

15(c) provides that "[a]ll proceedings of the Board shall be confidential except the filing of a complaint with the Courts Commission". This provision is much like ours. The Illionis court cited and discussed numerous cases dealing with confidentiality of proceedings before Judicial Inquiry Commissions. Among the cases cited was *United States v. Nixon*, 418 U.S. 683, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). While that case did not concern itself with judicial proceedings it did involve confidentiality. The court therein said "We conclude that when the ground for asserting privilege as to subpoenaed materials sought for use in a criminal trial is based only on the generalized interest in confidentiality [as contrasted to questions of national security], it cannot prevail over the fundamental demands of due process of law in the fair administration of criminal justice. The generalized assertion of privilege must yield to the demonstrated specific need for evidence in a pending criminal trial."

The Illinois court accordingly held that as to evidence or material in the Board's possession which on its face plainly negates defendant's guilt and only as to such material or evidence, the confidentiality provisions of Section 15(c) must yield to Federal due process requirements, and that, upon defendant's request, its production and delivery to him may be ordered.

We are in substantial agreement with the principles established in Hartel. We agree. that confidentiality of judicial proceedings are not absolute in all instances. Where the evidence or material in the Board's possession is exculpatory of the defendant, on its face, then its production and delivery to him should be ordered.

While the Illinois court left to the Judicial Inquiry Board the responsibility for determining what materials or evidence should be delivered to the defendant, we feel the better and more logical course would be to give this responsibility to the court. This would be done at an *in camera* inspection.

In the instant case the magistrate has not ruled on the motion to quash the subpoena duces tecum. Pending a

ruling on that motion, the question of whether or not the defendant is entitled to the writ of prohibition here sought is premature. We do, however, mould the writ and prohibit further proceedings pending a ruling by the court on the motion to quash.

For the reasons herein expressed, the writ of prohibition prayed for is moulded so as to prohibit further proceedings pending a ruling by the court on the motion to quash, and as moulded, is awarded.

*Writ moulded and*
*as moulded, awarded.*