289 S.E.2d 469

**Litesell MORGAN, et al.**

v.

**Paul E. BOTTOME, Trustee, etc., et al., Dfts. Below, Lity Lester.**

**No. 14638.**

Supreme Court of Appeals of West Virginia.

March 26, 1982.

Rehearing Denied May 27, 1982.

Warren R. McGraw, Pineville, for Lester.

D. Grove Moler, Mullens, for Bottome.

Goode & Hrko and Paul E. Goode, Jr., Mullens, for appellees.

PER CURIAM:

Appellant, Lity Lester, appeals from a final decision of the Wyoming County Circuit Court granting a judgment notwithstanding the verdict for the appellees after the jury concluded that he acquired ownership of a parcel of land by adverse possession. Appellant's primary contention is that the lower court erred in granting the judgment notwithstanding the verdict for the appellees because the testimony before the jury was such that reasonable minds could differ. We agree.

In 1972, Litesell and Zina Morgan brought suit to quiet title to a parcel of land, the ownership of which was also claimed by Lity Lester and Paul Bottome, the latter as trustee for the successors to Logan Wyoming Coal Land Company. Lester was made a plaintiff for the purposes of trial and the Morgans and Bottome were made defendants.* At the close of evidence, the appellees moved for a di-

---

* This was apparently done in the interests of economy. Both the Morgans and Bottome claimed this property by reason of a deed. Les-ter claimed this property by adverse possession. If he could prove his claim, there would be no need to further litigate the issue.

rected verdict which the court denied. The jury returned a verdict finding that the appellant owned this land by reason of adverse possession. The appellees then moved for a judgment notwithstanding the verdict which the trial court granted because it found the appellant had not shown continuous possession of this land for ten years. The appellant contends here that continuous possession is a question of fact for the jury and their finding should not be disturbed if there is substantial evidence to support it. We agree.

■ The rule that applies here was set forth in Syllabus Point 2 of *Rhodes v. National Homes Corp.*, 163 W.Va. 669, 263 S.E.2d 84 (1979):

"[w]here, in trial of an action at law before the jury, the evidence is conflicting, it is the province of the jury to resolve conflict, and its verdict thereon will not be disturbed unless believed to be plainly wrong."

*See*: Syllabus point 6, *Earl T. Browder, Inc. v. County Court*, 145 W.Va. 696, 116 S.E.2d 867 (1960); Syllabus point 2, *French v. Sinkford*, 132 W.Va. 66, 54 S.E.2d 38 (1948).

■ A motion for a judgment notwithstanding the verdict provides the court with an opportunity, after the jury has been discharged, to reconsider its previous refusal to grant a motion for a directed verdict made at the close of all the evidence. West Virginia Rules of Civil Procedure, 50(b). The same factors as to the sufficiency of evidence for a directed verdict apply when ruling on a motion for a judgment notwithstanding the verdict. M. Lugar and L. Silverstein, *West Virginia Rules* 379, 380 (1960). Accordingly in cases where the evidence is such that the jury could have properly found for either

party upon the factual issues in the case, a motion for a judgment notwithstanding the verdict should not be granted. *See, Alexander v. Jennings*, 150 W.Va. 629, 149 S.E.2d 213 (1966).

■ The facts in this case were clearly conflicting and there was ample evidence to support a finding that the appellant had continuously possessed this land for ten or more years. The appellant and witnesses on his behalf testified that between 1919 and 1948 or 1950 he had farmed this land, cut timber on it, allowed his half-brother to maintain a cow on the property, run off land company engineers, maintained a barbed wire fence around the land and cleared parts of the property. The appellees, on the other hand, introduced testimony to the effect that the appellant had only farmed the land for a period of three or four years in the mid-1930's, the same time during which this property was timbered and the land agents were run off.

Given this conflicting evidence, the jury could properly find that the appellant had maintained continuous possession of this land for ten or more years. Therefore, the trial court erred in setting aside the jury verdict and entering a judgment notwithstanding the verdict for the appellees.

For the foregoing reasons, the decision of the Circuit Court of Wyoming County is hereby reversed and the jury verdict is ordered reinstated.

Reversed.