295 S.E.2d 822

**W. L. THAXTON CONSTRUCTION CO.**

v.

**O.K. CONSTRUCTION CO., INC., et al.**

**No. 15375.**

Supreme Court of Appeals of West Virginia.

Sept. 17, 1982.

Arden J. Curry, II, Pauley, Curry & Thaxton, Charleston, for appellee.

Charles W. Yeager, Steptoe & Johnson, Charleston, for appellants.

PER CURIAM:

W. L. Thaxton Construction Company brought suit against O. K. Construction Company and Buckeye Union Insurance Company for breach of contract on an oral agreement subsequent to a written contract. A jury in the Circuit Court of Kanawha County returned a verdict for Thaxton for $147,708. This verdict was allowed to stand. O. K. and Buckeye then appealed, contending that the trial court erred in admitting evidence of oral contracts to modify a written instrument. The appellants also contend that the trial court erred in excluding evidence of O. K.'s payments on behalf of Thaxton because such payments had not been disclosed in answers to Thaxton's interrogatories. The appellants argue that the interrogatories did not require such information. We find that the trial court properly allowed testimony relating to the unsigned contracts, but that the trial court abused its discretion in excluding from evidence material relevant to the measure of damages when any injury to the appellees as the result of failure to respond to interrogatories could have been obviated by a brief continuance. We reverse and remand for a new trial on the question of damages.

The appellee, W. L. Thaxton Construction Company, sought to recover for work done on a sewer construction project that the appellant, O. K. Construction Company, had contracted to construct for the West Dunbar Public Service District. Thaxton was a subcontractor for O. K., and Buckeye was the bonding company for O. K. Thaxton alleged that, at O. K.'s request, from 1 May 1975 to 19 July 1976 it furnished O. K. labor, material, tools, and equipment for construction of portions of the sewer system required by the contract between O. K. and West Dunbar Public Service District. It further alleged that it performed its obligations until 19 July 1976, when it was prevented from further performance by O. K.'s breaches of its agreement with Thaxton. Thaxton then sued for $123,165.33 plus interest from 19 July 1976 and costs.

O. K. and Buckeye admitted the contract and subcontract but denied any breach. O. K. counterclaimed for $50,000 plus interest and costs on the grounds that Thaxton breached its contract with O. K. by failing to perform the agreed work and by negligently performing such work as it did, and by refusing to perform under the contract after 19 July 1976.

This was a very complicated suit with substantial evidence, including exhibits of thousands of pages. Consequently, each side presented summaries detailing work performed, costs and similar information. The jury returned a verdict against the appellants in the amount of $147,708 on 8 October 1980. The trial court denied the appellants' motions to set aside the verdict and for judgment in appellants' favor.

The appellants' first assignment of error is that the trial court erred in admitting Thaxton's exhibits 13 and 14 (consisting of written but unsigned contracts and an addendum) to contradict and change a signed contemporaneous written agreement. The evidence is clear that initially a written and signed contract was entered into between O. K., as prime contractor, and Thaxton and I. V. Cunningham (who is not a party to this action). It is this written and signed contract that the appellants argue cannot be changed by parol evidence.

Thaxton testified that the initial, written agreement was orally modified, and later written but not signed, and that such modifications were again orally modified to eliminate I. V. Cunningham as a party to the agreement, thereby formalizing an oral contract between O. K. and Thaxton, the terms of which were represented by Thaxton's exhibits 13 and 14. Furthermore, Thaxton testified that the oral modifications required Thaxton to do work and receive payment different from that originally contemplated by the written agreement and not to do work and not to receive payment for work that was set forth in the written agreement, all amounting to a new and valid consideration.

■■■ As this Court stated in Syllabus point 1, *Jones v. Kessler*, 98 W.Va. 1, 126 S.E. 344 (1925):

When a written contract upon its face is couched in such terms as to import a legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties and the extent of the undertaking were reduced to writing. Parol evidence will not be admitted to vary its terms.

But Syllabus point 2 of *Jones* reads: "However, a written contract may be modified or its terms altered by a subsequent valid oral agreement, and this may be shown in a proper case. As a rule a consideration must be shown."

■■■ The trial court did not err in admitting Thaxton's exhibits 13 and 14 for the purpose of allowing the jury to determine if subsequent oral modifications had actually taken place. It was for the jury to decide if the written and signed contract had been orally modified and they did so. As this Court stated in Syllabus point 1 of *Young v. West Virginia & P. R. Co.*, 44 W.Va. 218, 28 S.E. 932 (1897): "The verdict of a jury will be held sacred by this Court, unless there is a plain preponderance of credible evidence against it, evincing a miscarriage of justice from some cause, such as prejudice, bias, undue influence, misconduct, oversight, or some misconception of the facts or law."

The appellants' second assignment of error is that the trial court erred in excluding O. K.'s evidence of payments made in response to a certain invoice on behalf of Thaxton to materialmen to whom Thaxton was indebted. Prior to the trial Thaxton served on O. K. two sets of interrogatories. The second set included a request to list all payments made to Thaxton for any purpose beginning 1 January 1975 and was answered eleven days before the trial which began 1 October 1980. It read:

Furnish a list of all payments made to plaintiff for any purpose for the period from January 1, 1975 up to and including the present, and for each payment, provide the following:

a. Manner of payment, i.e., check, cash, or otherwise; b. Date of payment; c. Named Payor and Payee if written; and d. State specific construction project to which each payment applies.

At the end of the third day of the trial and after Thaxton had rested its case, the appellants attempted to introduce an invoice showing that O. K. had made direct payments to materialmen on behalf of Thaxton. Thaxton objected because that information had not been provided in the answers to interrogatories, and the trial court sustained the objection and excluded evidence relating to the invoice. The appellants contend that such payments were not disclosed because such information was not requested in the interrogatories.

■■■ O. K. in its answers had listed some two hundred payments (from more than thirty suppliers), including those made to Thaxton and an itemization of part of the payments made *on behalf of* Thaxton. The invoice at issue was not listed. Certainly an omission of items not required to be listed could not be a basis for excluding evidence of that item. But we do not find that to be the case. Although the interrogatory begins by asking about "all payments made to plaintiff", it later asks for the *payee*, indicating that the scope of the interrogatory extended to payments made *on behalf of* Thaxton as well as payments made *to* Thaxton. That the reach of the interrogatory was interpreted by O. K. as extending also to those payments made *on behalf of* Thaxton is suggested not only by O. K.'s response to the interrogatory but also by the appellants' attorney's statement to the trial court: "Judge, this was not put in the original answer. It probably should have been, although, there can't be any surprise." We agree with the appellants' counsel's statement below—there was no surprise.

■■■ *W. Va. R. Civ. P.* 37(d) reads, in pertinent part: "If a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... the court in which the action is pending on motion may make such orders in regard to the failure as are just...." Although a court

 

has the power to exact sanctions for failure to follow orderly discovery procedure, it was an abuse of discretion for the trial court to exclude evidence relevant to the measure of damages when any injury to the appellee could have been obviated by a brief continuance and there was not evidence that the omission of the item was deliberate. The specific interrogatory at issue is at best ambiguous, but since the set-off for payments made directly to materialmen amounted to $31,366.15 and the ultimate judgment was for $147,708, we must reverse the decision and remand for a new trial on the question of damages.

Accordingly, for the reasons set forth above, the decision of the Circuit Court of Kanawha County is hereby reversed and the case remanded for further proceedings consistent with this opinion.

Reversed and remanded.