# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0005** (Fayette County 14-F-151)

**Gaylord K. L.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Gaylord K. L., by counsel Mark S. Plants, appeals the Circuit Court of Fayette County's December 2, 2014, order sentencing him to consecutive terms of ten to twenty years in prison with a $500 fine for each of three counts of third-degree sexual assault and one to five years in prison with a $1000 fine for each of three counts of sexual abuse by a parent, guardian, or custodian.[1] The State of West Virginia, by counsel Roger L. Lambert, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in excluding three of his exhibits at trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the Fayette County Grand Jury indicted petitioner on seven counts of sex-related felonies committed against a female child ("child"). Those seven charges included three counts of third-degree sexual assault, in violation of West Virginia Code § 61-8B-5; three counts of sexual abuse by a parent, guardian, or custodian, in violation of West Virginia Code § 61-8D-5; and one count of use of obscene material with the intent to seduce a minor, in violation of West Virginia Code § 61-8A-4. Prior to trial, the circuit court ordered the parties to provide it with witness and exhibit lists.

Petitioner's jury trial commenced in August of 2014. On the first morning of trial, petitioner provided the State with a hand-written witness list, which failed to include contact information for each witness listed. The State immediately moved in limine to exclude all of

---

[1]Because this case involves a minor victim of sex crimes, we use only the petitioner's first name and last initial consistent with our practice in cases involving a minor and sensitive facts. *See State ex rel. Dept. of H.S. v. Cheryl M.,* 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

1

petitioner's witnesses on the basis that his hand-written witness list was untimely and insufficient. Petitioner countered that he had previously provided the State with a document that included the names of several of his potential witnesses. That document, which was marked for trial as Defense Exhibit No. 2, was explained to be a letter signed by the child and petitioner's potential witnesses in which the child recanted her allegations against petitioner. Therefore, petitioner argued that the State had notice of his potential witnesses prior to trial by way of his disclosure of Defense Exhibit No. 2. The State admitted that it had knowledge of petitioner's witnesses "because they were written on these supposed recantation documents." The circuit court rebuked petitioner for failing to adhere to various disclosure requirements regarding witness lists. It also noted that petitioner would likely claim "trial by ambush" if the State had done the same. However, the circuit court denied the State's motion in limine because the State had knowledge of those witnesses based on, at least, petitioner's disclosure of Defendant's Exhibit No. 2 prior to trial.

During the State's case-in-chief, the child testified that as a teenager she had resided with petitioner and his wife after being removed from her parents. The child further relayed that during that time petitioner forced her to commit sexual acts, including oral sex and digital penetration of her vagina, on multiple occasions. She told the jury that she was thirteen years of age at that time. The child also testified that she was pressured by her and petitioner's family to recant the allegations she made against petitioner. She claimed that members of her and petitioner's family isolated her for an entire night and would not let her sleep until she admitted that she lied about her sexual allegations. The child testified that, during this night of sleeplessness and interrogation, family members told her that "it would help" if she wrote letters to petitioner recanting the allegations and apologizing for lying. The State also presented petitioner's statement to police following his arrest wherein he admitted that the child performed oral sex on him.

During his cross-examination of the child, petitioner asked about her recantation of the allegations against him. The following exchange occurred between petitioner's counsel and the child:

> Q [by Richelle K. Garlow, petitioner's counsel]: At some point, though, you said [family members] kept telling you, "Tell the truth," "tell the truth," and you said [the sex acts] didn't happen.
>
> A [the child]: Yes.

Immediately thereafter, petitioner attempted to approach the witness with four exhibits (marked for trial as Defense Exhibit Nos. 1, 2, 3, and 4) said to be four, separate recantation letters signed by the child.[2] However, the assistant prosecutor and circuit court sought to review those exhibits

---

[2]In the appendix record submitted to this Court, the parties included the three exhibits at issue on appeal (Defense Exhibit Nos. 1, 3, and 4) and a facsimile cover page purportedly documenting petitioner's efforts to provide the State with the four exhibits one day before trial. Pursuant to Rule 7(a) of the West Virginia Rules of Appellate Procedure, "[a]n appendix must contain accurate reproductions of the papers and exhibits submitted to the lower court,

2

prior to his presenting them to the child in front of the jury. Petitioner indicated that he had given the State copies of all four exhibits, and the State admitted that it had "seen these" exhibits prior to trial. Petitioner further indicated that the circuit court had been provided one of the exhibits (Defense Exhibit No. 2) in relation to the witness list motion earlier that day. The State objected to petitioner's use of these exhibits, apparently due to his failure to provide adequate and timely witness and exhibit lists. Ultimately, the circuit court concluded that petitioner could use only Defense Exhibit No. 2, but "[t]he other exhibits, you're not going to be permitted to use. They weren't disclosed to the Court and counsel. This trial by ambush has got to stop." Petitioner's counsel continued her cross-examination of the child using Defendant Exhibit No. 2. Petitioner also called several witnesses in his defense who testified about the child's recantation.

The jury subsequently found petitioner guilty of six counts: three counts of third-degree sexual assault and three counts of sexual abuse by a guardian. The jury acquitted petitioner of the charge of use of obscene material with the intent to seduce a minor. At the subsequent sentencing hearing in October of 2014, the circuit court denied petitioner's motion for a new trial and sentenced him to ten to twenty years in prison and a $500 fine for each of the three counts of third-degree sexual assault and one to five years in prison and a $1000 fine for each of the three counts of sexual abuse by a guardian. The circuit court further ordered each of these sentences to run consecutively to one another for a cumulative prison term of thirty-three to seventy-five years. This appeal followed.

On appeal, petitioner's sole assignment of error is that the circuit court erred in excluding Defense Exhibit Nos. 1, 3, and 4.[3] This Court has made clear that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998); *see also* Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995) (stating that "[a]bsent a few exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard."). However, we have also explained that "the Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.' This right is secured for defendants in state as well as federal criminal proceedings under *Pointer v. Texas*, 380 U.S. 400 [] (1965)." *Davis v. Alaska*, 415 U.S. 308, 315 (1974). Indeed, "[t]he fundamental right to confront one's accusers . . . contemplates the opportunity of meaningful cross-examination . . . guaranteed by Article III, Section 14 of the West Virginia Constitution." *State v. Blair*, 158

---

administrative agency or other tribunal[.]" *See also* W.Va. R. App. P. 7(c)(2)(a) (providing that "an appendix must contain a certification page signed by counsel or unrepresented party certifying that . . . the contents of the appendix are true and accurate copies of items contained in the record of the lower tribunal."). Three exhibits at issue here and the facsimile cover page were not contained in the record below. Therefore, the parties improperly included them in the appendix record submitted to this Court, and we are not bound to consider the same.

[3]The State argues that petitioner waived his right to present this issue due to his failure to properly object or vouch the record. Following a thorough review of the record on appeal, we find that this issue was sufficiently raised below to support appellate review.

W.Va. 647, 214 S.E.2d (1975). Pursuant to a defendant's right to confront witnesses, "[a] defendant on trial has the right to be accorded a full and fair opportunity to fully examine and cross-examine the witnesses." Syl. Pt. 1, *State v. Crockett*, 164 W.Va. 435, 265 S.E.2d 268 (1979). This Court has provided general guidelines for cross-examination of a witness:

> Several basic rules exist as to cross-examination of a witness. The first is that the scope of cross-examination is coextensive with, and limited by, the material evidence given on direct examination. The second is that a witness may also be cross-examined about matters affecting his credibility. The term "credibility" includes the interest and bias of the witness, inconsistent statements made by the witness and to a certain extent the witness' character. The third rule is that the trial judge has discretion as to the extent of cross-examination. Syllabus Point 4, *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982).

Syl. Pt. 1, *State v. Barnett*, 226 W.Va. 422, 701 S.E.2d 460 (2010).

Petitioner now claims that the circuit court erred in excluding Defense Exhibit Nos. 1, 3, and 4 for two reasons: (1) that his disclosure was not untimely because the State had possession of the exhibits prior to trial; and (2) that even if the exhibits were untimely disclosed to the State, exclusion was improper as a sanction for late disclosure under Syllabus Point 5 of *Prager v. Meckling*, 172 W.Va. 785, 310 S.E.2d 852 (1983), and its progeny.[4] We first note that *Prager* involved a civil dispute between a homeowner and a roofer and was not a criminal proceeding. *Id*. In Syllabus Point 5 of *Prager*, we considered whether the failure to disclose supplemental discovery required exclusion of that evidence under the West Virginia Rules of Civil Procedure.[5]

---

[4]Petitioner also argues in his brief that the circuit court erred "by claiming trial by ambush on behalf of the State[.]" However, he provides no discussion on that issue in the body of his brief, and he cites no legal authority in support thereof. This Court has explained that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.]" *State Dep't of Health v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995). We have also held that

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

*State v. Myers*, 229 W. Va. 238, 241, 728 S.E.2d 122, 125 (2012) (internal quotations and citations omitted); *see also* W. Va. R. App. P. 10(c)(7) (stating that petitioner's argument "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."). As petitioner's argument is nothing more than an unsupported assertion, we need not address it.

[5]Syllabus Point 5 of *Prager*, 172 W.Va. at 785, 310 S.E.2d at 852 provides as follows:

*Id*. Petitioner fails to indicate how *Prager*, particularly our holding in Syllabus Point 5 of that case, applies to the instant criminal proceeding.

To the contrary, Rule 16 of the West Virginia Rules of Criminal Procedure provides the basis for a circuit court's consideration of discovery in criminal proceedings. This Court has held that

> Rule 16 provides for discovery and inspection of materials during trial, and Rule 16(d)(2) mentions the circuit court's alternatives if a party fails to comply with a discovery request. Under this rule, if a party fails to comply with the discovery rules, the circuit court has general authority to enter whatever order he deems necessary under the circumstances.

*State ex rel. Rusen v. Hill*, 193 W.Va. 133, 138, 454 S.E.2d 427, 432 (1994). As to Rule 16, petitioner argues that no Rule 16 discovery violation occurred here. Following our review of the parties' arguments, the record on appeal, and all pertinent legal authority, we agree with petitioner. Although petitioner failed to provide the State or circuit court with an exhibit list, it is undisputed that petitioner provided the three exhibits to the State prior to trial. Therefore, the circuit court clearly erred in finding that petitioner failed to disclose them to the State. Based on the particular facts of this case, the circuit court lacked a sufficient basis to limit petitioner's use of Defense Exhibit Nos. 1, 3, and 4, in his cross-examination of the child for impeachment purposes.

Nevertheless, our analysis does not end with a finding of error. We have long explained that a violation of a defendant's right to cross-examine and confront witnesses is subject to a harmless-error analysis. *See State v. Mullens*, 179 W.Va. 567371 S.E.2d 64 (1988) (explaining that violation of confrontation clause is subject to harmless-error analysis (citing *Lee v. Illinois*, 476 U.S. 530 (1986) and *Schneble v. Florida*, 405 U.S. 427 (1972)); *see also State v. Blevins*, 231 W.Va. 135, 744 S.E.2d 245 (2013) (confrontation clause violation was harmless beyond reasonable doubt). With regard to most constitutional rights, "[f]ailure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." Syl. Pt. 5, *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975). "The harmless error inquiry involves an assessment of the likelihood that the error affected the outcome of the trial." Syl. Pt. 13, in part, *State v. Bradshaw*, 193 W.Va. 519, 457 S.E.2d 456 (1995). We have further summarized our harmless-error analysis as follows:

> In other words, a conviction should not be reversed if we conclude the error was harmless or "unimportant in relation to everything else the jury considered on the

---

Factors to be considered in determining whether the failure to supplement discovery requests under Rule 26(e)(2) of the Rules of Civil Procedure should require exclusion of evidence related to the supplementary material include: (1) the prejudice or surprise in fact of the party against whom the evidence is to be admitted; (2) the ability of that party to cure the prejudice; (3) the bad faith or willfulness of the party who failed to supplement discovery requests; and (4) the practical importance of the evidence excluded.

issue in question." *Yates v. Evatt*, 500 U.S. 391, 403, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432, 449 (1991). Instead, this Court will only overturn a conviction on evidentiary grounds if the error had a substantial influence over the jury. This reasoning suggests that when the evidence of guilt is overwhelming and a defendant is allowed to put on a defense, even if not quite so complete a defense as he or she might reasonably desire, usually this Court will find the error harmless. If, however, the error precludes or impairs the presentation of a defendant's best means of a defense, we will usually find the error had a substantial and injurious effect on the jury. When the harmlessness of the error is in grave doubt, relief must be granted. *O'Neal v. McAninch*, 513 U.S. 432, ——, 115 S.Ct. 992, 996, 130 L.Ed.2d 947, 955 (1995); *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

*State v. Blake*, 197 W.Va. 700, 705, 478 S.E.2d 550, 555 (1996).

In this case, the circuit court's error was harmless beyond a reasonable doubt. The jury heard ample evidence from both the child and petitioner's statement to police that sexual acts occurred between them and that petitioner forced the then-thirteen-year-old child to commit those sexual acts. Further, the three exhibits at issue went solely to the issue of the child's recantation. The jury heard that the child recanted both from the child's own testimony and as detailed in the recantation letter marked as Defense Exhibit No. 2. The remaining three exhibits were letters undisputedly similar to Defense Exhibit No. 2 addressing the child's recantation. Because petitioner was permitted to cross-examine the child about her recantation and was permitted to use Defense Exhibit No. 2, we find no reversible error in the circuit court's limitation of his use of the remaining three letters. In her testimony, the child admitted that she recanted her allegations against petitioner. She then testified that her allegations were true and that the recantation was falsely made due to familial pressure. Our law is clear that "[c]redibility determinations are for a jury and not an appellate court." Syl. Pt. 1, in part, *State v. Malfregeot*, 224 W.Va. 264, 685 S.E.2d 237 (2009). Ultimately, the jury permissibly weighed the child's credibility in light of her recantation along with other evidence presented and found petitioner guilty of six of the charges against him. Therefore, we find no reversible error in the circuit court's limitation of petitioner's use of the three exhibits at issue.

For the foregoing reasons, the circuit court's December 2, 2014, order, is hereby affirmed.

Affirmed.

**ISSUED: November 23, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum

6

Justice Allen H. Loughry II