**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State ex rel. Jaguar Land Rover Limited,**
**Petitioner**

**vs.)  No. 19-0222**     (Kanawha County 15-C-1023)

**The Honorable Charles King,**
**Judge of the Circuit Court of Kanawha County,**
**and Patricia A. Lyles,**
**Respondents**

**FILED**
**November 1, 2019**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

The petitioner herein, Jaguar Land Rover Limited ("Jaguar"), by counsel Philip J. Combs and Gordon L. Mowen, II, petitions this Court for a writ of prohibition.  In its petition, Jaguar asks this Court to prohibit the Circuit Court of Kanawha County from enforcing its orders entered October 15, 2018, sanctioning Jaguar for failure to comply with the circuit court's discovery orders, and February 11, 2019, imposing sanctions of costs and attorney's fees therefor.  The respondent herein, Patricia A. Lyles ("Ms. Lyles"), by counsel Scott S. Segal and Jason P. Foster, contend that the circuit court properly sanctioned Jaguar and awarded her costs and attorney's fees.

Upon consideration of the parties' briefs, oral arguments, and the appendix record, this Court concludes that Jaguar has not met the standard for the issuance of a writ of prohibition in this case.  Accordingly, we deny the requested writ of prohibition.  Because this case does not present a new or significant issue of law, and for the reasons set forth herein, we find this case is proper for disposition as a memorandum decision under Rule 21 of the West Virginia Rules of Appellate Procedure.

This case originated in November 2014 when the plaintiff, Ms. Lyles, was driving her 2013 Land Rover LRS HSE vehicle and was rear-ended by a coal truck on U.S. Route 119 at Trace Fork in Kanawha County, West Virginia.  Ms. Lyles, who was seventy years old at the time of the accident, was rendered a paraplegic and is now paralyzed from the chest down.  In May 2015, Ms. Lyles filed suit against the vehicle manufacturer, who is the petitioner herein, Jaguar Land Rover Limited, a U.K. entity; the seat and seatbelt manufacturers; and various defendants associated with the coal truck involved in the accident.

1

On April 20, 2016, Ms. Lyles served petitioner Jaguar with her first set of interrogatories and request for production of documents. Jaguar responded with a motion to quash, which was met by Ms. Lyles' motion to compel, and additional responsive pleadings. Following a hearing, the circuit court, on August 26, 2016, entered its *first* discovery order, which granted Ms. Lyles' motion to compel and denied Jaguar's motion to quash. In rendering its ruling, the circuit court rejected Jaguar's claims that the Hague Evidence Convention governs and found, instead, that the case is governed by the West Virginia Rules of Civil Procedure and that Rules 33 and 34 of the Rules of Civil Procedure require a response to written discovery within thirty days. The court then ordered Jaguar to respond to Ms. Lyles' discovery requests within fifteen days from the order's entry.

Ms. Lyles then filed an emergency motion to compel Jaguar to respond to her second set of interrogatories. Following a hearing before the discovery commissioner, the circuit court entered a *second* discovery order on November 28, 2016, directing Jaguar to provide the discovery requested by Ms. Lyles within twenty days of the entry of the order; this order was amended for clarification on December 6, 2016, and also included the twenty-day response deadline.

On December 20, 2016, Ms. Lyles and Jaguar entered into an "Agreement Regarding the Production of Documents" ("Core Documents Agreement"), whereby Jaguar would identify and provide the referenced documents, which Jaguar believed to constitute Hague Convention compliant discovery and to which Ms. Lyles agreed, to Ms. Lyles within twenty-one days of entry of the order by the High Court of London, which order was entered February 2, 2017. Although this order required Jaguar to produce the referenced documents by February 23, 2017, Jaguar did not provide this discovery to Ms. Lyles until July 10, 2017.

Thereafter, on October 30, 2017, Ms. Lyles requested Jaguar to supplement its discovery responses within ten days; Jaguar responded that the Rules of Civil Procedure allow thirty days to answer discovery requests and responded by letter dated November 28, 2017, whereby Jaguar indicated that it would review the Core Documents production.

On December 5, 2017, Ms. Lyles filed a second motion to compel responses to her first set of interrogatories and request for production of documents. Jaguar, by letter dated December 21, 2017, informed Ms. Lyles that it had not, in fact, provided her everything referenced in the Core Documents Agreement but that it would do so by January 2018. Jaguar also opposed Ms. Lyles' second motion to compel.

At the direction of the circuit court, the discovery commissioner held a hearing on Ms. Lyles' second motion to compel and provided a recommendation to the circuit court, which the court adopted by *third* discovery order entered January 24, 2018. By that order, the circuit court directed Jaguar to provide the referenced documents to Ms. Lyles within thirty days of the entry of the court's order. Jaguar objected and filed a motion to vacate this order. By order entered February 7, 2018, the circuit court denied Jaguar's motion to vacate. Jaguar objected and moved to amend the court's order.

Ms. Lyles then filed the motion for sanctions that led to the instant petition for writ of prohibition. In her motion, Ms. Lyles recounted Jaguar's failure to provide requested and agreed-upon documents in discovery, as well as Jaguar's repeated opposition to the circuit court's discovery orders. She requested relief including striking Jaguar's affirmative defenses, taking her

2

factual allegations as true, and her "costs and attorney['s] fees associated with all discovery disputes [she] has had with [Jaguar]." Jaguar opposed Ms. Lyles' motion for sanctions, and the discovery commissioner held a hearing thereon. By *fourth* discovery order entered October 15, 2018, the circuit court adopted the discovery commissioner's recommendation to grant Ms. Lyles' motion for sanctions and directed Ms. Lyles to submit an affidavit detailing her costs. The court further required Jaguar "by no later than the 26th day of October, 2018 to supplement their responses to [Ms. Lyles'] discovery by detailing which documents produced by Bates Number or other identification are responsive to [Ms. Lyles'] Interrogatories and Request for Production of Documents." Finally, the circuit court denied the additional relief requested by Ms. Lyles vis-à-vis Jaguar's affirmative defenses and her factual allegations. Jaguar objected to the fees and costs submitted by Ms. Lyles.

The discovery commissioner subsequently filed his recommendation regarding sanctions, including a summary of the expenses approved for Ms. Lyles' various attorneys. Although her counsel reported fees of $332,472.26, the discovery commissioner recommended approving only $67,295.00 of that amount and included Exhibit C which specifies, in unredacted form, the allowable expenses for each attorney. The discovery commissioner additionally recommended that Jaguar be charged with his expenses, as well, in the amount of $8,312.25; this amount reflects half of the total time the discovery commissioner worked on this case because he discounted his fee given his feeling that his evaluation of the parties' arguments took longer than he had expected. Jaguar objected to this recommendation, but the circuit court adopted the same by order entered February 11, 2019. It is from this order that Jaguar has filed the instant petition for writ of prohibition.

When faced with a petition for prohibitory relief, this Court previously has held that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers." Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977). In the case *sub judice*, Jaguar contends that the circuit court exceeded its legitimate authority by finding that it had committed discovery misconduct and by imposing sanctions therefor. In such circumstances, we have held:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is

clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger,* 199 W. Va. 12, 483 S.E.2d 12 (1996). With respect to discovery orders, specifically, we previously have held that "[a] writ of prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders." Syl. pt. 1, S*tate Farm Mut. Auto. Ins. Co. v. Stephens*, 188 W. Va. 622, 425 S.E.2d 577 (1992).

Additionally, insofar as the instant matter involves a ruling of the circuit court regarding discovery matters, our review of the circuit court's discovery rulings is deferential:

> The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.

Syl. pt. 1, *McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995).

The first *Hoover* factor requires an evaluation of whether there exists another adequate remedy, such as direct appeal, to redress the petitioner's grievance. *See* Syl. pt. 4, in part, *Hoover*, 199 W. Va. 12, 483 S.E.2d 12. We previously have observed that "[o]rders granting discovery requests over timely objections, like other discovery orders, are interlocutory. They do not finally end the litigation and are generally reviewable only after the final judgment." *State ex rel. U.S. Fid. & Guar. Co. v. Canady*, 194 W. Va. 431, 437, 460 S.E.2d 677, 683 (1995) (citations omitted). Nevertheless, Jaguar may appeal from such rulings once "the litigation is finally ended." *Id.* As such, Jaguar has failed to satisfy the first *Hoover* factor for issuance of a writ of prohibition.

The second *Hoover* factor considers whether the petitioner will be damaged in a way that is not correctable on appeal. *See* Syl. pt. 4, in part, *Hoover*, 199 W. Va. 12, 483 S.E.2d 12. As a general rule, the scope of discovery under Rule 26 of the West Virginia Rules of Civil Procedure is quite broad and encompasses "any matter, not privileged, which is relevant to the subject matter involved in the pending action." W. Va. R. Civ. P. 26(b)(1). Additionally, Jaguar has agreed to identify and provide materials pursuant to the parties' agreed-upon Core Documents Agreement. As such, it is difficult to conceive how Jaguar could be damaged or prejudiced by requiring it to provide information it either has an obligation to disclose or has agreed to provide to Ms. Lyles. Furthermore, to the extent that damage could be presumed by requiring Jaguar to pay sanctions now that it may later, on appeal, be found not to owe, such damage could be remedied by requiring the repayment of such monies. Therefore, Jaguar is not entitled to prohibitory relief under the second *Hoover* factor.

The third *Hoover* factor looks to the legal correctness of the lower court's order the enforcement of which the petitioner seeks to prevent. *See* Syl. pt. 4, in part, *Hoover*, 199 W. Va. 12, 483 S.E.2d 12. Similarly, the fourth *Hoover* factor reviews whether the lower court has made

the alleged error previously or whether the lower court has disregarded procedural or substantive law in rendering its ruling. *Id.* In its petition for writ of prohibition, Jaguar argues that the circuit court erred by finding that it had not complied with the court's discovery orders and imposing sanctions therefor. Pursuant to Rule 37 of the West Virginia Rules of Civil Procedure, a court may issue an order compelling discovery and impose sanctions for failure to comply with such an order. *Accord* Syl. pt. 1, in part, *Shreve v. Warren Assoc., Inc.*, 177 W. Va. 600, 355 S.E.2d 389 (1987) ("Rule 37 of the West Virginia Rules of Civil Procedure is designed to permit the use of sanctions against a party who refuses to comply with the discovery rules[.]"). In pertinent part, Rule 37 directs that "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery." W. Va. R. Civ. P. 37(a). Moreover, "an evasive or incomplete answer or response is to be treated as a failure to answer or respond." W. Va. R. Civ. P. 37(a)(3).

> If the motion [to compel discovery] is granted, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery without court action, or that the opposing party's answer, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

W. Va. R. Civ. P. 37(a)(4)(A). Furthermore,

> [i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

W. Va. R. Civ. P. 37(b)(2). *Accord* Syl. pt. 1, *Prager v. Meckling*, 172 W. Va. 785, 310 S.E.2d 852 (1983) ("Generally, under Rule 37 of the Rules of Civil Procedure to trigger the imposition of sanctions where a party refuses to comply with a discovery request, the other party must file a motion to have the court order discovery. If the discovery order is issued and not obeyed, then the party may seek sanctions under Rule 37(b) of the Rules of Civil Procedure.").

More specifically, Jaguar contends that the circuit court's order finding that sanctions are warranted for failure to comply with its discovery orders does not contain sufficiently detailed findings of fact or conclusions of law. As to this point, we previously have held that,

> [a]lthough Rules 11, 16, and 37 of the West Virginia Rules of Civil Procedure do not formally require any particular procedure,

5

before issuing a sanction, a court must ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority. The Due Process Clause of Section 10 of Article III of the West Virginia Constitution requires that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression threatens to interfere with the rightful decision of the case. Thus, a court must ensure any sanction imposed is fashioned to address the identified harm caused by the party's misconduct.

Syl. pt. 1, *Bartles v. Hinkle*, 196 W. Va. 381, 472 S.E.2d 827 (1996).

While the circuit court's final order approving the issuance of sanctions is rather concise, the order also incorporates the discovery commissioner's recommendations which explain the reasons for granting the requested relief. Furthermore, the circuit court has issued four discovery orders with which Jaguar has not fully complied, and the High Court of London has approved an order whereby the parties, including Jaguar, *agreed* to provide discoverable information to Ms. Lyles, with which Jaguar also has not fully complied. This case has been pending for over four years, and discovery has been pending for nearly three and one-half years. The various discovery orders underlying the final order for sanctions have provided more than adequate notice to satisfy Jaguar's due process rights and to inform it as to the actions it was expected to take as well as the court's directives with which it has failed to comply. Moreover, the discovery commissioner's final recommendation specifically references Jaguar's failure to fully comply with discovery in this case.

With respect to the amount of the sanctions imposed, Jaguar additionally contends that the calculation of the $67,295.00 award of attorney's fees to Ms. Lyles is not explained. In this regard, we have held that,

[i]n formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

Syl. pt. 2, *Bartles*, 196 W. Va. 381, 472 S.E.2d 827.

Again, the discovery commissioner's recommendation, which is incorporated into the circuit court's final order imposing sanctions, thoroughly lists all of the items he considered in the calculation of this amount, as well as the charges he declined to include in this calculation. Further, the discovery commissioner prepared and attached Exhibit C which details each attorney's allowable expenses to arrive at the $67,295.00 figure. Thus, the amount of the sanctions imposed in this case did not constitute an abuse of the circuit court's discretion. In light of the foregoing

6

analysis, it is clear that Jaguar has failed to demonstrate either that the circuit court erred in imposing sanctions for discovery misconduct or that the circuit court failed to follow the governing procedural or substantive law. Thus, Jaguar has not demonstrated that it is entitled to the issuance of a writ of prohibition under either the third or the fourth *Hoover* factor.

The fifth and final *Hoover* factor addresses whether the lower court's ruling raises "new and important problems or issues of law of first impression." Syl. pt. 4, in part, *Hoover*, 199 W. Va. 12, 483 S.E.2d 12. As noted in the preceding discussion, a party's obligation to comply with a request for discovery is well-settled, as is a party's duty to comply with a court's order compelling that such discovery be provided to the requesting party. Also settled is the ability of a circuit court to impose sanctions upon a party who fails to provide discovery or comply with an order compelling discovery. As such, Jaguar has failed to establish that it should be granted the instant writ of prohibition under the fifth Hoover factor.

Having considered the elements for the issuance of a writ of prohibition, we conclude that Jaguar has failed to establish that it is entitled to prohibitory relief in this case. Accordingly, the requested writ of prohibition is hereby denied.

Writ Denied.

**ISSUED:** November 1, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

7