IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2018 Term

_____

No. 17-0036

_____

FILED

**January 24, 2018**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

KAHLE'S KITCHENS, INC.,
Petitioner

v.

SHUTLER CABINETS, INC.,
Respondent

_____

Appeal from the Circuit Court of Marshall County
The Honorable David W. Hummel, Jr., Judge
Civil Action No. 16-C-65

AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED WITH
DIRECTIONS

_____

Submitted: January 17, 2018
Filed: January 24, 2018

Matthew G. Chapman, Esq.  James G. Bordas, Jr., Esq.
Burns White LLC  James B. Stoneking, Esq.
Wheeling, West Virginia  Bordas & Bordas, PLLC
Counsel for Petitioner  Wheeling, West Virginia
  Counsel for Respondent

JUSTICE KETCHUM delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 2, *Walker v. W. Va. Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

2. "When Rule 45 of the West Virginia Rules of Civil Procedure is used as a discovery device as permitted in W.Va. R. Civ. P. 34, Rule 45 is subject to all of the discovery provisions, including, but not limited to, the scope of discovery outlined in W.Va. R. Civ. P. 26(b)(1), which permits discovery only of matters that are relevant to the subject matter involved in the pending action, not privileged, and are, or are likely to lead to the discovery of, admissible evidence." Syllabus Point 4, *Keplinger v. Va. Elec. and Power Co.*, 208 W.Va. 11, 537 S.E.2d 632 (2000).

Justice Ketchum:

Petitioner Kahle's Kitchens, Inc. ("Plaintiff Kahle") filed a lawsuit in Pennsylvania against a plywood distributor. In connection with its Pennsylvania lawsuit, Plaintiff Kahle sought discovery information from a West Virginia company, Respondent Shutler Cabinets, Inc. ("Shutler"). Shutler is a nonparty to the litigation in Pennsylvania. Plaintiff Kahle filed a petition for a subpoena duces tecum with the Circuit Court of Marshall County seeking, in essence, *all* of Shutler's business records for a one-year period, including its customers' names and addresses. Shutler filed a motion to quash the subpoena arguing that it was overbroad and unduly burdensome. Shutler also requested an award of attorney fees. The circuit court granted Shutler's motion to quash and awarded Shutler attorney fees and costs.

On appeal, Plaintiff Kahle argues that the circuit court erred by granting the motion to quash and by awarding attorney fees to Shutler. After review, we affirm the circuit court's order quashing the subpoena. We affirm, in part, and reverse, in part, the circuit court's award of attorney fees and remand this matter to the circuit court for further proceedings consistent with this Opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kahle is currently in litigation in Pennsylvania against Distributor Services, Inc. ("Defendant Distributor"). Plaintiff Kahle alleges that it purchased plywood that was infested with "wood[-]boring insects" from Defendant Distributor

1

between December 2011 and June 2012. Defendant Distributor denied this allegation and stated that any insect infestation originated at Plaintiff Kahle's facility. During discovery, Defendant Distributor identified Shutler as a customer who received plywood from the same shipments as the allegedly infested plywood received by Plaintiff Kahle. Shutler is a cabinet manufacturer located in Moundsville, West Virginia, that has operated a furniture business for thirty-one years.

Plaintiff Kahle obtained a "Subpoena to Produce Documents and/or Things for Discovery" from the Pennsylvania court directed to Shutler. It provides:

> Within twenty (20) days after service of this Subpoena, you are ordered by the Court to produce the following documents and/or things:
>
> 1. Any and all documents and/or other tangible items that refer, relate to or evidence in any way, shipments of any products received from Distributor Services, Inc., its subsidiaries, affiliates or assigns from September 1, 2011 through September 1, 2012.
>
> 2. Any and all documents and/or other tangible items that refer, relate to, or evidence in any way, any orders or projects installed and/or completed by Shutler Cabinets, its subsidiaries, affiliates, contractors, agents, customers and/o [sic] assigns, between September 1, 2011 and September 1, 2012, including the name and address of the customers.
>
> 3. Any and all documents and/or other tangible items that refer, relate to, or evidence in any way, the presence of wood boring insects or other similar pests at Shutler Cabinets or at any of the installed and/or completed orders or projects identified in response to No. 2, above.
>
> 4. Any and all documents and/or other tangible items that refer, relate to or evidence in any way, communications, electronic or otherwise, between Shutler Cabinets and any

2

customers identified in response to No. 2, above, and/or Distributor Services, Inc. regarding wood boring insects or other similar pests, or that otherwise relates to this litigation from September 1, 2011 to the present.

On April 8, 2016, Plaintiff Kahle filed a "Petition for Deposition and Subpoena Duces Tecum in Aid of Out-of-State Litigation Pursuant to Rule 28(d)" with the Circuit Court of Marshall County. Rule 28(d) of the *West Virginia Rules of Civil Procedure* provides:

> Depositions for Use in Foreign Jurisdictions. Whenever the deposition of any person is to be taken in this State pursuant to the laws of another state or of the United States or of another country for use in proceedings there, any court having general civil jurisdiction in the county wherein the deponent resides or is employed or transacts his business in person may, upon petition, make an order directing issuance of a subpoena as provided in Rule 45, in aid of the taking of the deposition.

Additionally, Plaintiff Kahle mailed a copy of this petition to Shutler and attached a cover letter requesting production of the documents sought by the subpoena. Shutler asserts that upon receiving this petition, it contacted counsel for Plaintiff Kahle and

> specifically informed [Kahle] that Shutler Cabinets has never had any issue with wood boring insects and has never been informed of any issues with wood boring insects by its customers . . . Shutler Cabinets also specifically advised [Kahle] that the subpoena was vastly overbroad and sought disclosure of confidential and proprietary information.

Shutler asserts that it offered to provide an affidavit to Plaintiff Kahle stating that it had never had any issues with wood-boring insects. Plaintiff Kahle refused this offer.

3

On April 27, 2016, Shutler filed a motion to quash the subpoena with the circuit court, raising the following objections to Plaintiff Kahle's requested subpoena: (1) it sought confidential and proprietary commercial business records, including customer information; (2) it failed to demonstrate that the requested information was relevant to the Pennsylvania litigation; (3) it failed to demonstrate that the requested information regarding the communications between Defendant Distributor and Shutler was unavailable from Defendant Distributor; and (4) it was an attempt to obtain detailed customer information from a business competitor. Shutler also requested an award of attorney fees and costs.

The circuit court granted Shutler's motion to quash and awarded Shutler attorney fees and costs by order entered on May 2, 2016.[1] Following entry of the circuit court's order, Plaintiff Kahle filed a motion to alter or amend judgment pursuant to Rule 59(e) of the *West Virginia Rules of Civil Procedure*. In response to Plaintiff Kahle's Rule 59(e) motion, Shutler submitted an affidavit from the president of the company, David L. Shutler, to the circuit court, stating: (1) Shutler has been in business for thirty-one years; (2) Shutler has never had any issues with wood-boring insects; (3) Shutler's customers have never reported any issues with wood boring insects; and (4) Shutler considers its customers names and addresses, as well as its work orders, home diagrams, invoices,

---

[1] The circuit court did not conduct a hearing prior to granting the motion to quash and awarding attorney fees to Shutler.

contracts and payment information to be confidential and proprietary commercial information and "takes all steps reasonably necessary to protect the same from disclosure to third-parties."

By order entered on July 11, 2016, the circuit court denied Plaintiff Kahle's Rule 59(e) motion concluding that "[a] subpoena is not properly issuable to a third party such as Shutler to compel the third party to produce confidential and proprietary business and commercial information in a speculative attempt to obtain evidence to refute defenses made in claims in litigation with another commercial entity." The circuit court further concluded that Plaintiff Kahle "simply presented speculative arguments and baseless allegations and again forced Shutler to incur attorney fees and costs to protect its confidential and proprietary business and commercial information." The circuit court therefore awarded Shutler "reasonable attorney fees and costs."

Following entry of this order, Shutler provided Plaintiff Kahle with a fee request which included its billing records listing the fees it had incurred. According to the circuit court, Plaintiff Kahle did not respond to this fee request. Thereafter, Shutler filed a fee petition with the circuit court. Plaintiff Kahle filed a number of objections to this fee petition, including an objection to the hourly rates charged by Shutler's counsel.[2]

---

[2] Counsel for Plaintiff Kahle argued that the fees requested by Shutler's counsel, which ranged from $300 to $450 an hour, were "exorbitant." Counsel for Plaintiff Kahle noted that his "currently hourly rate for this case is only $205 per hour."

5

The circuit court determined that the hourly rates requested by counsel for Shutler "were fully supported by their affidavits and by independent proof, and were consistent with their qualifications and level of experience." The circuit court therefore granted Shutler a fee award of $7,782.50 by order entered on December 19, 2016. Plaintiff Kahle appeals the circuit court's orders denying its motion to alter or amend and awarding Shutler attorney fees and costs.

## II. STANDARD OF REVIEW

Plaintiff Kahle appeals two circuit court orders. Generally, when reviewing a circuit court's order, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syllabus Point 2, *Walker v. W. Va. Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Further, in Syllabus Point 1 of *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998), we stated: "The standard of review applicable to an appeal from a motion to alter or amend a judgment made pursuant to W.Va.R.Civ.P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed."

6

This Court discussed our specific standard of review when considering a circuit court's ruling on a motion to quash a subpoena in *Blankenship v. Mingo County Economic Opportunity Commission*, 187 W.Va. 157, 163, 416 S.E.2d 471, 477 (1992): "Generally, the trial court's determination to quash a subpoena is addressed to the sound discretion of the trial court and is subject to review for abuse of discretion." Finally, Justice Cleckley has observed that "[t]he court has broad discretion in determining whether a subpoena is unreasonable, and a decision of the circuit court will be reversed only if it is clearly unreasonable, arbitrary or fanciful." *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 17, 483 S.E.2d 12, 17 (1996).

## III. ANALYSIS

This appeal presents two main issues—whether the circuit court erred by granting Shutler's motion to quash and by awarding Shutler attorney fees. Plaintiff Kahle asserts the following individual assignments of error stemming from these two issues: (1) Shutler failed to object within fourteen days after being served with Plaintiff Kahle's petition for a subpoena and, therefore, waived any objections; (2) the circuit court erred by denying the first category of requested documents on the ground that these documents were available from another party; (3) the circuit court erred by granting the motion to quash because the requested information was not unduly burdensome and was relevant and necessary to Plaintiff Kahle's Pennsylvania lawsuit; and (4) the circuit court erred by awarding Shutler attorney fees.

7

The use of a subpoena duces tecum "in the discovery process to obtain access to documents in the possession of persons who are not parties to the litigation— and the ability of a circuit court to determine the appropriateness of such [subpoena]—is explicitly provided for in the *West Virginia Rules of Civil Procedure.*" *State ex rel. W.Va. State Police v. Taylor*, 201 W.Va. 554, 564, 499 S.E.2d 283, 293 (1997). Relevant to our current inquiry is Rule 45(d) of the *West Virginia Rules of Civil Procedure*, which provides, in part:

> (d) Protection of Persons Subject to Subpoenas.
>
> (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued may enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
>
>    . . . .
>
> (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
>    . . . .
>
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>
> (iv) subjects a person to undue burden.
>
> (B) If a subpoena
>
> (i) requires disclosure of a trade secret or other confidential research, development, or commercial information . . .
>
> The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in

8

whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

Rule 45 is subject to the provisions of our discovery rules. In Syllabus Point 4 of *Keplinger v. Virginia Electric and Power Company*, 208 W.Va. 11, 537 S.E.2d 632 (2000), this Court held:

When Rule 45 of the West Virginia Rules of Civil Procedure is used as a discovery device as permitted in W.Va. R. Civ. P. 34, Rule 45 is subject to all of the discovery provisions, including, but not limited to, the scope of discovery outlined in W. Va. R. Civ. P. 26(b)(1), which permits discovery only of matters that are relevant to the subject matter involved in the pending action, not privileged, and are, or are likely to lead to the discovery of, admissible evidence.

With this background in mind, we turn to the individual assignments of error raised by Plaintiff Kahle.

## A. Failure to Timely Object

Plaintiff Kahle first argues that Shutler waived its objections to the petition for a subpoena duces tecum because it failed to file a written objection within fourteen days. According to Plaintiff Kahle, Rule 45(d)(2)(B) of the *West Virginia Rules of Civil*

9

*Procedure* requires a party to file a written objection to a subpoena within fourteen days.[3] Conversely, Shutler argues that the fourteen-day time period specified in Rule 45(d)(2)(B) "applies to subpoenas that have been validly issued and served. In this case, the whole point of Kahle's . . . proceeding was to have the circuit court issue an order authorizing it to serve a Pennsylvania subpoena on a West Virginia resident."

After review, we find that Shutler did not waive its objections to the petition for a subpoena duces tecum. Shutler filed its written objections nineteen days after receiving Plaintiff Kahle's petition. The Pennsylvania subpoena Plaintiff Kahle sought to enforce provided, on its face, a twenty-day time frame for Shutler to respond.

---

[3] Rule 45(d)(2)(B) of the West Virginia Rules of Civil Procedure provides as follows:

> (B) Subject to paragraph (e)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

Similarly, the West Virginia summons Plaintiff Kahle served on Shutler provided a twenty-day time frame for Shutler to respond. Also, in a letter from Plaintiff Kahle's counsel to Shutler accompanying the petition, counsel stated that Shutler had thirty days to respond. Finally, we note that Rule 45(d)(2)(B) provides a fourteen-day time frame for a party to file written objections to a subpoena. However, in the present matter, the West Virginia circuit court had not granted the petition for a subpoena duces tecum at the time Shutler filed its objections. Thus, under the facts of this case, the fourteen-day time frame to file a written objection to the subpoena did not apply.[4]

Assuming, arguendo, that the fourteen-day time frame was applicable, Shutler has demonstrated good cause for not filing a written objection within fourteen days of receiving Plaintiff Kahle's petition for a subpoena. Failure to file a written objection to a subpoena under Rule 45(d) within fourteen days will not bar consideration of subsequent objections under the following circumstances: "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed

---

[4] Plaintiff Kahle also argues that Shutler waived its objections to the subpoena "by offering and then subsequently submitting" an affidavit in response to the petition. We disagree and are perplexed by this argument. Among Shutler's objections to the proposed subpoena was that it was overbroad and sought irrelevant information. Instead of complying with this overbroad request, Shutler submitted an affidavit providing a precise, substantive response to the information sought by Plaintiff Kahle, *i.e.*, it had never experienced problems with wood-boring insects, nor had its customers ever reported any problems with wood-boring insects. A party who attempts to comply with an allegedly overbroad subpoena by providing relevant information in response is not prevented from raising an objection to the subpoena.

11

witness is a nonparty acting in good faith; and (3) counsel [for the] witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." Louis J. Palmer, Jr, & The Hon. Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure* § 45(d) at 1128 (5th ed. 2017) ("*Litigation Handbook*") (footnotes omitted). In the instant case, all three of these circumstances exist: the subpoena was overbroad,[5] Shutler is a nonparty that acted in good faith, and counsel for Shutler contacted counsel for Plaintiff Kahle within fourteen days of receiving the petition for a subpoena and offered to submit an affidavit addressing the paramount issue—whether Shutler had experienced issues with wood-boring insects.

Based on all of the foregoing, we find that Shutler did not waive its objections to the petition for a subpoena.

### B. Documents Available From Another Party

Plaintiff Kahle next argues that the circuit court erred by quashing the subpoena on the basis that the materials requested in the first category were available from another party, Defendant Distributor. The first category of information Plaintiff Kahle sought from Shutler consisted of "[a]ny and all documents . . . received from [Defendant] Distributor Services, Inc., its subsidiaries, affiliates or assigns from

---

[5] Our analysis explaining our determination that the subpoena was overbroad is set forth in section III.C. *infra.*

12

September 1, 2011 through September 1, 2012." Plaintiff Kahle argues that "simply because information can be obtained from another source does not preclude discovery." Further, Plaintiff Kahle asserts that "an entity's status as a non-party does not rigidly tilt in favor of shielding them from discovery."

The circuit court noted in its order that "Kahle's subpoena seeks production of records from a non-party, Shutler, regarding its commercial dealings with [Defendant] Distributor Services, a party-litigant, which records are available [and] may be obtained directly from the party litigant." Thus, the circuit court denied the requested information in the first category.

This Court has previously provided that "[a]s a discovery device, a Rule 45 subpoena duces tecum may be used only to compel the production of documents and things . . . that are within the scope of Rule 26." *Keplinger*, 208 W.Va. at 21, 537 S.E.2d at 642. Rule 26(b)(1) of the *West Virginia Rules of Civil Procedure* provides, in relevant part:

> The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines that:
>
> (A) The discovery sought is unreasonably cumulative or duplicative *or is obtainable from some other source that is more convenient, less burdensome*, or less expensive[.]

(Emphasis added).

A circuit court may quash a subpoena duces tecum if the requested material is available from another source. This Court held in Syllabus Point 4 of *State v. Harman*,

13

165 W.Va. 494, 270 S.E.2d 146 (1980), that "[a] subpoena duces tecum is available against third parties in both civil and criminal cases upon an adequate description of the material sought. Furthermore, it is necessary to show that the material is relevant to an issue in the case *and that its proof is not otherwise practicably available*." (Emphasis added).[6]   Likewise, one legal treatise noted "it has also been held that on [a] motion to quash a subpoena, the trial court may consider . . . whether there are other viable means to obtain the same evidence."  81 Am. Jur. 2d Witnesses § 12 (2017).

We also recognize that "in appropriate circumstances, production from a third party will be compelled in the face of an argument that the 'same' documents could be obtained from a party, because there is reason to believe that the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions."  *Visto Corp. v. Smartner Info. Sys., Ltd.*, 2007 WL 218771, at 3 (N.D. Cal. Jan. 29, 2007).   Plaintiff Kahle has not offered a specific "reason to believe" that Shutler's files may contain different versions of documents or additional materials pertaining to plywood shipments it received from Defendant Distributor than would be found in Defendant Distributor's possession.

---

[6] Similarly, this Court has held "[g]enerally, to justify issuance of subpoena duces tecum, there must be sufficient description of [the] writing, production of which is sought, to identify it, and showing of relevancy and materiality of its contents to matters in controversy *and [the] fact that proof is not otherwise practically available*." Syllabus Point 1, *Ebbert v. Bouchelle*, 123 W.Va. 265, 14 S.E.2d 614 (1941) (emphasis added).

We find no abuse of discretion with the circuit court's ruling regarding the first category of requested material. Rule 26 and our decision in *Harman* provide that a circuit court may deny a subpoena duces tecum if the subpoena seeks material that is available from another party. The circuit court determined that the material requested by Plaintiff Kahle in the first category—all of the documents Shutler received from Defendant Distributor Services—is available from Defendant Distributor, a party-litigant. We agree with this determination and therefore find no abuse of discretion with the circuit court's ruling.

## C. Unduly Burdensome

Plaintiff Kahle asserts that the circuit court erred by granting the motion to quash regarding the second category of information in the subpoena because it was "both relevant and necessary, and Shutler failed to demonstrate that . . . the request was unduly burdensome." The second category of information in the subpoena sought Shutler's business records for a one-year period. Plaintiff Kahle requested:

> *Any and all documents and/or other tangible items that refer*, relate to, or evidence *in any way*, *any orders or projects installed and/or completed* by Shutler Cabinets, its subsidiaries, affiliates, contractors, agents, customers and/o [sic] assigns, between September 1, 2011 and September 1, 2012, *including the name and address of the customers*.

(Emphasis added).

The circuit court determined that this category of the subpoena was overbroad, unduly burdensome and invaded Shutler's proprietary customer information:

Category 2 of Kahle's subpoena is unduly burdensome as it seeks to compel production of documents for a time period exceeding that [which] Kahle's represents to be at issue in its litigation with Distributor Services, *i.e.* December 2011 through June 2012, by approximately six months and is not limited to orders and/or projects involving materials obtained from Distributor Services.

Category 2 of Kahle's subpoena is unduly burdensome and seeks to compel production of privileged, protected, confidential and proprietary business and commercial information from a non-party in violation of Rule 45(d)(3)(A)(iii), Rule 45(d)(3)(A)(iv) and Rule 45(d)(3)(B)(i).

"Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness." Palmer & Davis, *Litigation Handbook* § 45(d) at 1132. This Court has noted that "privacy rights and the unreasonableness of [a] . . . subpoena are available defenses against enforcement of the subpoena." *State ex rel. Hoover*, 199 W.Va. at 17, 483 S.E.2d at 17. The relevant factors to consider when assessing whether a subpoena duces tecum subjects a witness to an undue burden include

whether the information is necessary and unavailable from any other source, the breadth of the document request, the time period covered by it, and the particularity with which the documents are described. Further, in assessing a motion to quash a subpoena as burdensome, a court must decide whether the testimony or material sought is reasonably calculated to lead to admissible evidence and, if so, whether the need for the testimony, its probative value, the nature and importance of the litigation, and similar factors outweigh any burden enforcement of the subpoena might impose.

It has been consistently held by courts that nonparty status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue. Although discovery is by definition invasive, parties to a law

16

> suit must accept its travails as a natural result of litigation. *Nonparties, however, have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon nonparties is a factor entitled to special weight in evaluating the balance of competing needs.*

Palmer & Davis, *Litigation Handbook* § 45(d) at 1132-33 (emphasis added).

Our review of these factors reveals that the circuit court did not abuse its discretion in ruling that the second category of requested material was "unduly burdensome." The first factor is whether the requested information is necessary. Plaintiff Kahle requested every document relating to *all* of Shutler's "orders or projects installed and/or completed . . . between September 1, 2011 and September 1, 2012, including the name and address of the customers." We emphasize that this request was not for all of Shutler's orders or projects that involved plywood received from Defendant Distributor. Rather, Plaintiff Kahle sought *all* of Shutler's documents regarding *all* of its orders or projects during a one-year period. Plaintiff Kahle's Pennsylvania lawsuit concerns plywood shipments it received from Defendant Distributor during a six-month period. Plaintiff Kahle has not asserted any cogent reason explaining why Shutler's business dealings that did not involve Defendant Distributor would have any relevance to its Pennsylvania lawsuit. Therefore, we conclude that the requested information in the second category of the subpoena is not "necessary" to Plaintiff Kahle's Pennsylvania lawsuit.

We consider the next three factors jointly—the breadth of the document request, the time period covered by the request, and the particularity with which the

documents are described. All of these factors weigh against Plaintiff Kahle. As stated, Plaintiff Kahle requested *all* of Shutler's documents regarding *all* of its orders or projects during a one-year period. Instead of requesting information regarding Shutler projects involving plywood received from Defendant Distributor during the relevant timeframe, Plaintiff Kahle requested, in essence, *all* of Shutler's business records, regardless of whether these records had any connection to Defendant Distributor. Further, Plaintiff Kahle did not limit the timeframe to the relevant six-month period during which it received the allegedly infested shipments from Defendant Distributor. Instead, Plaintiff Kahle requested *all* of the documents regarding *all* of Shutler's projects for a *one-year period*. Finally, Plaintiff Kahle did not describe the documents it requested with any particularity. Instead, Plaintiff Kahle made a blanket request for *all* of Shutler's business records for a one-year period: "*Any and all documents* and/or other tangible items that refer, relate to, or *evidence in any way, any orders or projects* installed and/or completed[.]" (Emphasis added). In sum, all three of these factors weigh heavily against Plaintiff Kahle.

The next factor is whether the requested information is reasonably calculated to lead to admissible evidence. We need not linger on this issue because our analysis mirrors the previous three factors. Plaintiff Kahle has failed to assert any logical reason justifying its request for all of Shutler's business records for a one-year period. While information regarding Shutler's projects involving plywood received from Defendant Distributor during the relevant timeframe could lead to admissible evidence,

18

the remainder of Plaintiff Kahle's request, seeking Shutler's business records regarding *all* of its orders or projects during a one-year period, clearly has no relevance to the Pennsylvania lawsuit and is not "reasonably calculated to lead to admissible evidence." In fact, it is difficult to discern why Plaintiff Kahle would seek information from Shutler about projects and customers who have no relation to Defendant Distributor.[7] Because the second category in Plaintiff Kahle's subpoena seeks material that is not calculated to lead to admissible evidence, we find this factor also weighs against Plaintiff Kahle.

The final factor, which is entitled to special weight, also weighs against Plaintiff Kahle. As set forth in the *Litigation Handbook*, "concern for the unwanted burden thrust upon nonparties is a factor entitled to special weight in evaluating the balance of competing needs." Palmer & Davis, *Litigation Handbook* § 45(d) at 1133. Shutler is a nonparty to this litigation. The breadth of Plaintiff Kahle's request for this nonparty's business records, including documents regarding projects that have no connection to Defendant Distributor, is patently unreasonable given Shutler's nonparty status. Likewise, Plaintiff Kahle's request for a list of this nonparty's customers' names and addresses, including those with no connection to Defendant Distributor, is unreasonable.

---

[7] It is beyond dispute that "subpoenas cannot be used . . . for a fishing expedition." *U.S. v. Moore*, 423 F.Supp. 858, 860 (S.D.W.Va.1976).

Based on all of the foregoing, we find the circuit court did not abuse its discretion by concluding that "Category 2 of Kahle's subpoena is unduly burdensome."[8]

## D. Attorney Fees

Plaintiff Kahle's final argument is that the circuit court erred by awarding attorney fees and costs to Shutler. The circuit court awarded attorney fees to Shutler for the fees it incurred in (1) filing its initial motion to quash Plaintiff Kahle's subpoena, and (2) replying to Plaintiff Kahle's Rule 59(e) motion. The circuit court's order denying Plaintiff Kahle's Rule 59(e) motion explained its award of attorney fees as follows:

> Shutler has been subjected to an undue burden, including the incurrence of attorney fees and costs, by Kahle's attempt to subpoena its confidential and proprietary business and commercial information, including customer names and addresses in violation of Rule 45(d) and governing West Virginia law. A subpoena is not properly issuable to a

---

[8] Because of our determination that the circuit court did not abuse its discretion by ruling that the second category of Plaintiff Kahle's subpoena was unduly burdensome, we decline to address the other arguments raised by the parties regarding the second category of the subpoena. Moving on, we briefly address the circuit court's ruling on the third and fourth categories contained in the subpoena. In these two categories, Plaintiff Kahle requested "any and all documents" addressing the presence of wood-boring insects at Shutler's business or any communications with its customers regarding wood-boring insects. We find that the circuit court did not abuse its discretion in determining that these two categories were mooted by the affidavit filed by Shutler's president. In this affidavit, Shutler's president stated that there had been no incidents with wood-boring insects in the company's thirty-one years of operations, nor had any customer reported any issues with wood-boring insects. "A trial court may rely on affidavits in lieu of in camera review for purposes of ruling on [a] motion to quash subpoena duces tecum, when affidavits are sufficiently detailed." Palmer & Davis, *Litigation Handbook* § 45(d) at 1132.

20

third party such as Shutler to compel the third party to produce confidential and proprietary business and commercial information in a speculative attempt to obtain evidence to refute defenses made to claims in litigation with another commercial entity. Accordingly, Shutler was entitled to the attorney fees and costs incurred in obtaining this Court's May 2, 2016 Order quashing Kahle's subpoena.

Shutler has also been subjected to an undue burden by Kahle's attempt to obtain relief from this Court's May 2, 2016 Order, including Kahle's renewed attempt to obtain an Order issuing the quashed subpoena. Rather than presenting evidence in support of its position or grounds recognized by Rule 59(e), Kahle's simply presented speculative arguments and baseless allegations and again forced Shutler to incur attorney fees and costs to protect its confidential and proprietary business and commercial information and protect the privacy interests of its customers consistent with the provisions of Rule 45(d) and governing West Virginia law.

This Court has stated that "[l]ike other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Daily Gazette Co., Inc. v. Canady*, 175 W.Va. 249, 251, 332 S.E.2d 262, 264 (1985) (internal citation and quotation omitted). Consequently, "we have previously determined, on numerous occasions, that a circuit court has erred by failing to afford a party notice and the opportunity to be heard prior to awarding attorney's fees." *Kanawha Valley Radiologists, Inc. v. One Valley Bank, N.A.*, 210 W.Va. 223, 229, 557 S.E.2d 277, 283 (2001).

The circuit court initially granted Shutler an award of attorney fees without affording Plaintiff Kahle an opportunity to respond. This is error under our well-established case law. We therefore find that Plaintiff Kahle should not have to pay

attorney fees in connection with the subsequent Rule 59(e) motion it brought challenging the court's attorney fee award. This subsequent motion afforded Plaintiff Kahle an opportunity to address whether the award of attorney fees was appropriate—an opportunity it should have been afforded before the initial attorney fee award was entered.

While we find that an award of attorney fees in connection to the Rule 59(e) motion was inappropriate, the sole remaining issue is whether the circuit court's initial award of attorney fees was proper. Rule 45(d)(1) permits an award of attorney fees in "protection of persons subject to subpoenas."[9] It provides:

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued may enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

This is a straightforward rule imposing a clear, unambiguous duty for an attorney to "take reasonable steps to avoid imposing undue burden . . . on a person subject to [a] subpoena." It is clear that Plaintiff Kahle's subpoena sought to impose an

---

[9] This Court discussed the "general rule" regarding the recovery of attorney fees in *Nelson v. West Virginia Public Employees Insurance Board*, 171 W.Va. 445, 450, 300 S.E.2d 86, 91 (1982), stating that awards of costs and attorney fees are not, generally, recoverable in the absence of a provision for their allowance in a statute or court rule.

undue burden on Shutler. The subpoena sought all of Shutler's business records for a one-year period. Shutler's business records that are unrelated to its transactions with Defendant Distributor are completely irrelevant to Plaintiff Kahle's Pennsylvania lawsuit.[10] Further, Shutler's status as a nonparty makes Plaintiff Kahle's request for *all* of Shutler's orders or projects during a one-year period, including documents regarding projects that have no connection to Defendant Distributor, especially egregious. We therefore conclude that the circuit court's initial award of attorney fees against Plaintiff Kahle was not an abuse of discretion under the plain language of Rule 45(d)(1).[11]

## IV. CONCLUSION

Based on the foregoing, we affirm the circuit court's ruling quashing the subpoena. We affirm the circuit court's attorney fee award regarding the fees counsel for Shutler incurred in its initial response to the petition for a subpoena duces tecum. We reverse the circuit court's attorney fee award regarding the fees counsel for Shutler incurred in connection with Plaintiff Kahle's Rule 59(e) motion. We remand this matter

---

[10] *See* section III.C. *supra*.

[11] Plaintiff Kahle argues that an award of attorney fees pursuant to Rule 45(d)(1) must include a finding that the attorney's actions were "vexatious, wanton, oppressive, or made in bad faith." We find no such requirement in the plain language of Rule 45(d)(1), and decline to read into the rule that which it does not say.

to the circuit court for entry of a fee award to Shutler for the attorney fees it incurred in filing the initial motion to quash Plaintiff Kahle's subpoena

Affirmed, in part; reversed, in part; and remanded with directions.